24 C.C.P.A.(Patents)

**In re KRANTZ et al.**

**Patent Appeal No. 3670.**

Court of Customs and Patent Appeals.
Feb. 8, 1937.

478

John Imirie, of Washington, D. C. (D. W. Gould, of Washington, D. C., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting appealed claims Nos. 33, 35, 36, 37, 42, and 43, in appellants' application for a patent for an alleged invention relating to an apparatus and method for drying clothes.

The apparatus and method are sufficiently described in appealed claims 33 and 43, which read:

"33. A drying tumbler including a casing, a series of drying stages in endless arrangement in said casing, with the final stage contiguous to the initial stage, and a plurality of containers traveling successively and exclusively through said stages, and means for heating some of the drying stages, said heating means being independent for each of such stages and progressively varying in the direction of travel of the containers.

"43. The herein described method of drying articles, consisting in arranging the articles in independent masses, advancing each mass progressively on an endless path and exclusively through a series of drying compartments, controllably heating and ventilating some of the compartments, directing the exhaust heat of some of the compartments into relatively preceding compartments in the direction of travel of the masses, and rotating each mass in some of the compartments."

The references relied upon are: Corsa, 164,974, June 29, 1875; Hysore, 620,-139, February 28, 1899; Collins, 1,155,468, October 5, 1915; Braemer, 1,547,294, July 28, 1925; Carroll, 1,572,183, February 9, 1926; Tomlinson (British), 257,106, August 26, 1926; Schlesinger (German), 77,-932, November 15, 1894.

In its decision affirming the decision of the Primary Examiner, the Board of Appeals described the apparatus and method set forth in the appealed claims, and said that, although several claims had been allowed, those here involved were so broadly drawn as to read upon the prior art.

Replying specifically to the arguments of counsel for appellants, the Board said:

"In the rejection of claim 33, he relies on the patent to Collins as a basic reference. In this patent the orbital path through which the containers are moved by the endless chains 17 has a reloading station shown at the left in Fig. 1, which is outside the outer casing. It seems to us, however, that clearly enough there would be no invention in extending the outer casing around this station. In Collins the container located in the reloading station as in the application is out of operative relation to the means for rotating the containers about their individual axes and therefore the container is not so rotated when in the reloading station. Collins supplies heated air to the compartments through which the containers move in their orbital path and the air travels through these compartments in a direction the opposite of the direction in which the containers travel. The examiner holds that there would be no invention in view of the disclosure in the patent to Braemer in providing independent heaters for the various compartments of Collins' casing and varying the intensity of the heat in the direction of travel. With this view we are in full accord.

"Claim 42 is in method form. The examiner has held it not allowable over the British patent to Tomlinson taken in connection with the patent to Braemer. In Tomlinson a plurality of containers is moved through successive heating compartments, the containers are individually rotated, the heated air travels through these compartments in a direction opposite to that in which the containers move through the compartments and the wettest material contacts with the hottest air as in the application. The claim distinguishes from Tomlinson by stating that each mass is advanced on an endless path but it is quite common in the art as disclosed in several of the other references cited in the statement to move the containers in an endless path. In this respect attention is invited to Corsa, Schlesinger, Hysore

and Collins. We believe this point of distinction to be insufficient to patentably distinguish the claim from Tomlinson. The claim recites the step of controllably heating and ventilating some of the compartments but this is also an old operation as disclosed in Braemer."

The Board then said that it was unnecessary to discuss in further detail the involved claims, that it was sufficient to say that the combination of references relied upon by the Primary Examiner in rejecting them was perfectly permissible and proper, and that it was obvious that they did not define invention over the references cited.

We deem it unnecessary to recite here in detail the objections of counsel for appellants to the decision of the Board of Appeals. It is sufficient to say that it is alleged that the Board not only misunderstood the invention, but also the references.

It may be said that neither the Board nor the Primary Examiner rejected the appealed claims upon any one reference.

The question before us is whether appellants' application involves invention over the prior art. We are of opinion that it does not, and it is evident from the concurring decisions of the Patent Office tribunals that they were of like opinion.

Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.